**STATE v. ELLIOTT**

[352 N.C. 663 (2000)]

*McDaniel, Anderson & Stephenson, L.L.P., by William E. Anderson and John M. Kirby, for third-party plaintiff-appellants.*

*Yates, McLamb & Weyher, L.L.P., by Rodney E. Pettey, for third-party defendant-appellee Rea Construction Company; and Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by James D. Blount, Jr., and Deanna Davis Anderson, for third-party defendant-appellee Protection Services, Inc.*

PER CURIAM.

AFFIRMED.

───────────

STATE OF NORTH CAROLINA v. MICHAEL ANTHONY ELLIOTT

No. 179A00

(Filed 6 October 2000)

**Evidence— general intent crimes—prior assault—admissibility to show intent**

The decision of the Court of Appeals in this case is reversed for the reason stated in the dissenting opinion in the Court of Appeals that evidence of a prior incident in which defendant hit the female victim's face was admissible in this prosecution for the general intent crimes of assault inflicting serious injury and assault on a female to show defendant's intent with respect to the present assault on the female victim.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 137 N.C. App. 282, 528 S.E.2d 32 (2000), finding error in a judgment entered 22 October 1998 by Stephens (Donald W.), J., in Superior Court, Durham County, and ordering a new trial. Heard in the Supreme Court 13 September 2000.

*Michael F. Easley, Attorney General, by Daniel P. O'Brien, Assistant Attorney General, for the State-appellant.*

*Kevin P. Bradley for defendant-appellee.*

**HODGE v. N.C. DEP'T OF TRANSP.**

[352 N.C. 664 (2000)]

PER CURIAM.

For the reasons stated in Judge Lewis's dissenting opinion, we reverse the opinion of the Court of Appeals.

REVERSED.

━━━━━━━━━━━

GLENN I. HODGE, JR. v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND NORRIS TOLSON, Secretary of the North Carolina Department of Transportation

No. 170A00

(Filed 6 October 2000)

**Public Officers and Employees— reinstatement—chief internal auditor—internal auditor—not similar positions**

> The decision of the Court of Appeals in this case is reversed for the reason stated in the dissenting opinion in the Court of Appeals that plaintiff's current position of internal auditor with the DOT does not constitute reinstatement to a position similar to that of Chief Internal Auditor which he formerly held even though plaintiff's pay grade is the same.

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 137 N.C. App. 247, 528 S.E.2d 22 (2000), reversing and remanding an order for summary judgment entered 12 February 1999 by Cashwell, J., in Superior Court, Wake County. Heard in the Supreme Court 13 September 2000.

> *Broughton, Wilkins & Sugg, P.A., by Randolph Palmer Sugg, for plaintiff-appellant.*

> *Michael F. Easley, Attorney General, by Robert O. Crawford, III, Special Deputy Attorney General, and Sarah Ann Lannom and Tina A. Krasner, Assistant Attorneys General, for defendant-appellees.*

PER CURIAM.

For the reasons stated in the dissenting opinion by Judge Walker, the decision of the Court of Appeals is reversed.

REVERSED.