COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Fitzpatrick, Judges Benton, Elder, Frank, Humphreys, Clements, Felton,
            Kelsey and McClanahan
Argued at Richmond, Virginia


FRANCIS M. GONZALES, S/K/A
  FRANCIS M. GONZALEZ

                                                          OPINION BY
v.        Record No. 1351-03-4             CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                          APRIL 12, 2005
COMMONWEALTH OF VIRGINIA


                         UPON REHEARING EN BANC

                 FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                             Joanne F. Alper, Judge

        Jason S. Rucker (Rucker & Rucker, on brief), for appellant.

        Donald E. Jeffrey, III, Assistant Attorney General (Jerry W.
        Kilgore, Attorney General, on brief), for appellee.


        This matter comes before the Court on a rehearing en banc from an unpublished panel

decision rendered July 13, 2004.  See Gonzales v. Commonwealth, 04 Vap UNP 1351034 (2004).

In that decision, a divided panel of this Court reversed Gonzales' conviction for rape in violation of

Code § 18.2-61 and forcible sodomy in violation of Code § 18.2-67.1, finding that the trial court

erred in admitting evidence of prior crimes and that such error was not harmless.

        By order dated August 10, 2004, we granted the Commonwealth's petition for a rehearing

en banc, stayed the mandate of that decision, and reinstated the appeal.  Upon rehearing this case

en banc, we reverse Gonzales' convictions.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that appellant made an appointment with Naomi Parrish (Parrish) in response to her advertisement as a dancer performing "fantasy shows, private dancing, bachelor parties."  Parrish provided him with directions to her apartment.  When appellant arrived at her apartment, Parrish took him to a bedroom where she told him the price for dancing was $150 for one-half hour, and $190 for an hour.  She testified that sex was not discussed at this time.  Appellant handed Parrish $80, which she said was unacceptable, and she handed appellant's money back to him.  He slammed the bedroom door shut.  Parrish told him to leave.  He said no and blocked the door.  Appellant said he wanted "this sh.. now," which Parrish testified had a "sexual implication like he wanted to have intercourse with [her]."  She asked him not to harm her, and tried to talk him into letting her leave, to which he responded "hell no." Appellant pushed her onto the bed, pinned her down, and told her to take the money.  She responded "I don't do that, I'm just a dancer."  He then raped and sodomized her.  Afterwards appellant apologized, said a girlfriend had left him, and he had been abducted by his father.

Appellant later telephoned Parrish, and she provided his telephone number to police. Parrish and the police made a sting call to appellant during which he stated that he raped her as an "emotional outlet" after being "deceived" by his girlfriend and that he was very sorry.  In a later phone call appellant asked her to forgive him and said that he had called a rape crisis hotline.  When asked about his apologetic tone later, appellant stated that he was not apologizing for raping her, but because he still owed her $130.  At trial, appellant denied that he raped her and testified they had consensual sex.

- 2 -

During a pretrial motion *in limine*, the Commonwealth moved to admit the testimony of two women who described similar crimes allegedly committed by appellant. At the hearing, the prosecutor acknowledged that the evidence was not offered to show identity. Instead, the Commonwealth stated:

> [COMMONWEALTH]: Your Honor, I'm seeking to have this evidence admitted to show the conduct of the Defendant towards the victim in this case, and I would . . .
>
> THE COURT: Is that intent?
>
> [COMMONWEALTH]: It is intent being that this – defense – it's my belief, will be based on these statements – that this is a consensual encounter meaning that she's . . .
>
> THE COURT: She contracts for this and she is volunteering for it.
>
> [COMMONWEALTH]: Absolutely – and that this would show – the fact that he has done this not with just Ms. Parrish but with two other escorts that he went there with the intent of raping her. Under the guise of going there as, you know, sort of a business deal if you will, but he goes there really with the intent – that's how he gains access is by making this arrangement for an appointment – and goes there and immediately jumps upon these women and rapes them and forces himself on them – that that is his intent is to go there to rape these women, to force himself on them.

The trial court allowed the evidence of the similar crimes. A jury convicted appellant of sodomy and rape and sentenced him to a total of twenty years.

## II. ANALYSIS

On appeal, appellant contends the trial court erred in admitting evidence of similar crimes to show his intent to rape Parrish, because his intent is not an element of the crime charged. We agree.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). However, "[b]y definition,

when the trial court makes an error of law, an abuse of discretion occurs." Bass v. Commonwealth, 31 Va. App. 373, 382, 523 S.E.2d 534, 539 (2000).

Evidence that the accused committed other crimes is generally inadmissible to prove guilt of the crime for which the accused is on trial, even if the other crimes are of the same nature as the crime charged in the indictment. See Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). "The purpose of this rule is to prevent confusion of offenses, unfair surprise to the defendant and a suggestion of 'criminal propensity,' thus preserving the 'presumption of innocence.'" Crump v. Commonwealth, 13 Va. App. 286, 289, 411 S.E.2d 238, 240 (1991) (quoting Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)). However, this general rule "must sometimes yield to society's interest in the truth-finding process, and numerous exceptions allow evidence of prior misconduct whenever the legitimate probative value outweighs the incidental prejudice to the accused." Dunbar v. Commonwealth, 29 Va. App. 387, 390, 512 S.E.2d 823, 825 (1999) (citing Wilkins v. Commonwealth, 18 Va. App. 293, 297, 443 S.E.2d 440, 443 (1994)). Evidence of similar crimes may be admissible to show the intent, or identity of the accused when these are in issue.[1] See Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805.

This case is controlled by the recently decided case of Minor v. Commonwealth, 267 Va. 166, 591 S.E.2d 61 (2004). On strikingly similar facts, the Supreme Court held that testimony of prior victims of similar sexual crimes was inadmissible to show the intent of the appellant toward the victim. As in this case, the only issue in dispute at trial was whether the sexual acts were

---

[1] The identity of the accused is not an issue in this case. Appellant admitted at trial there was sexual contact with the victim but said it was consensual.

consensual or forced.[2]  In addressing whether the evidence was admissible to show intent, the

Court reasoned that "a defendant's intent to commit the crime of rape is not the same issue as

whether a victim consented to sexual intercourse.  Those two issues are distinct and should not

be blurred."  Id. at 173, 591 S.E.2d at 66.  Thus, the Court further held as follows:

> "Although proof of rape requires proof of intent, *the required*
> *intent is established upon proof that the accused knowingly and*
> *intentionally committed the acts constituting the elements of rape*.
> The elements of rape . . . consist of engaging in sexual intercourse
> with the victim, against her will, by force, threat, or intimidation."

Id. (quoting Clifton v. Commonwealth, 22 Va. App. 178, 184, 468 S.E.2d 155, 158 (1996)).  The

Court in Minor thus recognized that the crime of rape does not require proof that the defendant

harbor a specific intent to have intercourse without the victim's consent, only the general intent

evidenced by the act of committing the offense itself.  The lack of consent required for rape

involves the victim's mental state, not the defendant's.  See id.  The Court also noted that:

> [E]vidence showing that a defendant committed similar sexual
> offenses against an individual other than the victim in a particular

---

[2] The Commonwealth, however, contends that intent was at issue in this case because Gonzales "denied engaging in sexual intercourse with the victim at all."  The dissent similarly argues that proof of Gonzales' other crimes should be admissible because, *inter alia*, Gonzales disputed "whether the event had occurred."  However, any such statement that could be construed as a "denial" was made pretrial and was not the posture of the case at trial.  As we have noted, however, "[i]f evidence of another crime is offered ostensibly to prove intent, *it is still not admissible if the actual issue is . . . commission of the act itself*."  Foster v. Commonwealth, 5 Va. App. 316, 323, 362 S.E.2d 745, 749 (1987) (emphasis added) (citing Henderson v. Commonwealth, 5 Va. App. 125, 129, 360 S.E.2d 876, 878 (1987)); see also Blaylock v. Commonwealth, 26 Va. App. 579, 496 S.E.2d 97 (1998).  Here, the fact placed at issue by Gonzales' pretrial statements was "commission of the act itself," not whether the act, if committed, was committed intentionally.  Thus, the Commonwealth could not use proof of the other alleged crimes -- under the guise of proof of intent -- as a bootstrap for proving that Gonzales committed this particular act.  See Foster, 5 Va. App. at 320, 362 S.E.2d at 747 (trial court erred in admitting evidence of a separate sexual assault because the evidence "merely showed that [the defendant] had a propensity to commit this type of crime," which "is precisely what the prosecution is not allowed to show in a criminal case"); see also Hill v. Commonwealth, 17 Va. App. 480, 486, 438 S.E.2d 296, 300 (1993) (noting that the nexus between a prior criminal act and the current charge "must be greater than a basic recitation of the fact that intent is an element of the crime," reasoning that "[t]o conclude otherwise is to allow the exception in Kirkpatrick to swallow the general rule" that evidence of prior crimes is inadmissible).

> case is, on occasion, admissible to prove certain contested matters, such as a defendant's identity or the attitude of a defendant toward a victim, provided the probative value of the evidence outweighs its prejudicial effect.  Indeed, if the evidence of other similar offenses had been offered as proof on a contested issue about the defendant's identity in these offenses, that evidence would likely have been admissible.

Id. at 174, 591 S.E.2d at 67 (internal citations and quotations omitted).

The Court thus held that the evidence of other crimes was inadmissible:

> In our view, evidence showing that a defendant raped one or more individuals other than the victim in the crime charged is generally not relevant to the question whether that victim did or did not consent to sexual intercourse with the defendant.  This is so because the fact that one woman was raped has no tendency to prove that another woman did not consent.

Id. at 175, 591 S.E.2d at 67 (internal citations and quotations omitted).

The dissent mistakes the requisite elements of the offense of rape.  As the Supreme Court stated as long ago as 1886, "[w]henever there is a carnal connection, and no consent in fact . . . there is evidently, in the wrongful act itself, all the force which the law demands as an element of the crime."  Bailey v. Commonwealth, 82 Va. 107, 111 (1886).  In other words, "[t]o determine whether the element of force has been proved in the crime [of rape], the inquiry is whether the act or acts were effected with or without the victim's consent."  Jones v. Commonwealth, 219 Va. 983, 986, 252 S.E.2d 370, 372 (1979).  Thus, if the victim did not consent, the specific issue in the instant case, the use of force is shown by the act of non-consensual intercourse itself.  Thus, the dissent's argument that the "lack of consent" of the victim equates to a requirement to show the defendant's "intent" to use force does not track clear Virginia precedent.

For the foregoing reasons, we hold that the evidence of prior crimes was inadmissible in this case.  Evidence of other similar crimes is inadmissible to show intent when it is not an element of the offense charged.

## III. HARMLESS ERROR

The Commonwealth contends that even if the trial judge erred, such error was harmless. We disagree.

The standard for non-constitutional error is established in Virginia's harmless error statute, Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.

Additionally,

> Code § 8.01-678 has been applied in both criminal and civil cases. In a criminal case, it is implicit that, in order to determine whether there has been a fair trial on the merits and whether substantial justice has been reached, a reviewing court must decide whether the alleged error substantially influenced the jury. If it did not, the error is harmless.

Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (internal citations and quotations omitted). Our Supreme Court has applied the following standard adopted in Kotteakos v. United States, 328 U.S. 750 (1946), to non-constitutional error:

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected . . . . If so, or if one is left in grave doubt, the conviction cannot stand.

Id. at 764-65 (internal citations omitted).

Applying this standard and Code § 8.01-678, we cannot say on this record that the trial court's admission of the testimony of similar crimes was harmless. One of the witnesses, S.B., testified that she was a prostitute and appellant was a "regular customer" who on one occasion

- 7 -

acted in a manner similar to that described at trial. She also testified that on other occasions he was "fine." The second witness, N.S., testified that she was an escort who had arranged a meeting with appellant and was attacked in a manner similar to that alleged in this case. The testimony of the two women was highly prejudicial and encouraged the inference that because appellant committed similar crimes in the past, he likely committed the crimes charged in this case.[3] See, e.g., Foster v. Commonwealth, 5 Va. App. 316, 320, 362 S.E.2d 745, 747 (1987) (reversible error to admit testimony of other sexual offenses); see also Guill v. Commonwealth, 255 Va. 134, 141-42, 495 S.E.2d 489, 493 (1998) (holding that evidence of a prior crime "was inadmissible and had no probative value," concluding that the judgment should be reversed because "its admission caused undue prejudice to the defendant"); Donahue v. Commonwealth, 225 Va. 145, 156, 300 S.E.2d 768, 774 (1983) ("'Since we have no way of knowing the effect the court's admission of testimony as to defendant's prior bad acts . . . had upon the minds of the jury, we cannot say that the error was not prejudicial.'" (quoting Eccles v. Commonwealth, 214 Va. 20, 22-23, 197 S.E.2d 332, 333 (1973) (omission in original))); Knick v. Commonwealth, 15 Va. App. 103, 105, 421 S.E.2d 479, 481 (1992) ("Because the jury erroneously heard testimony about the defendant's prior bad acts, which included assaulting and pulling a gun on his former wife, we cannot say that it plainly appears from the record that defendant has had "'a fair trial on the merits and substantial justice has been reached."'").

---

[3] Indeed, the Commonwealth implicitly conceded during closing arguments that admission of the other women's testimony would affect the verdict, informing the jury that the other women were called to testify "because without them, maybe you could say okay, maybe this was a fee dispute. Maybe . . . she didn't get the money that she wanted. Maybe this was rough sex. *But you know that's not the case because you heard from them*, this is what he does." (Emphasis added). Additionally, while the dissent rests its assertion that any error was harmless based on the "numerous and compelling admissions" of the appellant, this misstates the record which is equivocal at best.

Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

<u>Reversed.</u>

McClanahan, J., with whom Kelsey, J., joins, dissenting.

Commonwealth v. Minor, 267 Va. 166, 591 S.E.2d 61 (2004), held that other crimes evidence has no logical bearing on consent, a function of the rape victim's state of mind. Minor did not hold — and it specifically disclaimed any intention to hold — that such evidence can never have any bearing on *mens rea*, a function of the rapist's state of mind. By conflating the two, the majority has done just what Minor said could not be done. They have "blurred" two "distinct" concepts – the defendant's intent and the victim's consent. Id. at 173, 591 S.E.2d at 66. As a consequence, the evidentiary admissibility principles are likewise confused.

There being no *per se* bar to the use of other crimes evidence on the issue of intent, the question presented then becomes whether the trial judge abused her discretion in admitting the evidence under the unique facts of this case. I do not believe she did. The prosecutor offered the evidence to show the defendant's intent to use force. The other crimes evidence showed a similar pattern of intent to use force. These factual similarities in the use of force take the proof of other crimes outside the maxim prohibiting its use as mere propensity evidence.

In any event, the great weight of the evidence before the jury renders harmless any ostensible error in admitting the other crimes evidence. The defendant admitted to raping the victim. Though he tried to later claim otherwise, his admissions and the victim's consistent description of the rape likely left the jury with an irrepressible conviction of his guilt. Under the governing harmless error standard for non-constitutional error, the defendant's conviction should not be overturned even if the trial court erred in admitting the contested other crimes evidence.

I. <span style="font-variant: small-caps">Minor</span> <span style="font-variant: small-caps">Does Not Preclude Evidence of Prior Bad Acts or Crimes on the Issue of Defendant's Intent to Use Force, Threat or Intimidation</span>

A. The Victim's Consent Is Not the Same Issue as the Defendant's Intent
to Use Force, Threat or Intimidation

An accused cannot "intend" consent or non-consent on the part of the victim, but he can intend to use force.[4] The majority cites no cases where evidence of intent to use force, threat or

---

[4] A Supreme Court of Pennsylvania case is particularly instructive on this point. In Commonwealth v. Berkowitz, 641 A.2d 1161, 1164-65 (Pa. 1994), a conviction of rape was reversed because there was insufficient evidence of "forcible compulsion." The Court held the complainant's repeated statement of "no" during sexual intercourse with the accused was "only relevant to the issue of consent," but "not relevant to the issue of force." Id. at 1164. Though her non-consent to the encounter was strongly supported by the evidence, a conviction for rape could not be sustained where "the weight of his body on top of her was the only force applied." Id. Such "force" alone was deemed insufficient to establish the requisite amount of force for that element of rape. However, there was enough evidence to support a conviction for indecent assault, which required proof of non-consent but not proof of force. Id. at 1165-66. That case illustrates that consent and force are two distinct elements of the crime of rape. Intercourse can be accomplished by force, but not be considered rape if there was consent. Likewise, intercourse can be accomplished without consent but will not be rape, if force is absent, i.e., the accused may be guilty of a lower grade sexual offense. The Pennsylvania court stated that the legislature's choice to include a force element in the definition of rape must be interpreted to mean that the crime requires something more than a lack of consent. Id. at 1164-65. (Pennsylvania has adopted the Model Penal Code, whereas Virginia has not. However, the legal inquiry into the crime of rape remains substantially similar in both jurisdictions.)

intimidation was inadmissible where that element of the crime was at issue. [5]  Indeed, most

appellate courts allow it, notwithstanding its potential misuse for other purposes. [6]

In Virginia, lack of consent and force/threat/intimidation are separate elements of rape.

In any case where rape is charged, the Commonwealth must establish 1) that the defendant had

sexual intercourse with the victim; 2) that it was against her will and without her consent; and

3) that it was by force, threat or intimidation.  See Code § 18.2-61(A).  See also Virginia Model

---

[5] "Frequently, evidence that is inadmissible under a general rule of evidence is admissible under an exception to the general rule or under another rule."  Satterfield v. Commonwealth, 14 Va. App. 630, 635, 420 S.E.2d 228, 231 (1992) (citation omitted).  Thus, because evidence is not admissible for one purpose does not mean that it is not relevant or admissible for some other purpose.  Rosenberg v. Mason, 157 Va. 215, 236, 160 S.E. 190, 197 (1931).  "It is a time-honored principle of evidence law that, in general, if evidence is admissible for any purpose, it is admissible. . . . Absent extreme prejudice, a party should not be precluded from offering probative evidence on a material issue merely because the evidence would be inadmissible if offered for some other purpose."  Hanson v. Commonwealth, 14 Va. App. 173, 183, 416 S.E.2d 14, 20 (1992) (citation omitted).  See also United States v. Abel, 469 U.S. 45, 56 (1984) ("[T]here is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case.").

[6] Most courts permit evidence of prior bad acts or crimes where that evidence rationally demonstrates the defendant's subjective intent.  See, e.g., Primm v. State, 473 So.2d 1149, 1156 (Ala. Crim. App. 1985) ("[S]ince the appellant admitted the act of intercourse, but denied that it was without consent, the material issue is whether or not the intercourse was voluntary or by force.  The evidence of the attacks was properly introduced to show the appellant's intent and to rebut his contention that the act was with the prosecutrix's consent."); Payne v. State, 210 S.E.2d 775, 787 (Ga. 1974) (evidence of prior rapes admissible for the "purpose of showing motive, plan, scheme, bent of mind, and course of conduct"); Mosley v. State, 87 S.E.2d 314, 316 (Ga. 1955) (evidence of a prior rape admissible because it tended to illustrate the defendant's state of mind); State v. Morgan, 485 P.2d 1371, 1372 (Kan. 1971) (testimony of two women claiming to have been forcibly raped by defendant under "somewhat similar circumstances" was admissible to show intent and plan); State v. Gardner, 391 N.E.2d 337, 342 (Ohio 1979) (holding that because the defendant contended that he did not intend to commit forcible rape, but instead intended to participate in consensual sexual intercourse, the element of intent was a material fact in issue); State v. Williams, 287 N.W.2d 18, 24 (Neb. 1979) (evidence that the accused raped another woman and raped and murdered a third woman was held admissible to prove, *inter alia*, the accused's motive and intent); Carroll v. State, 370 S.W.2d 523, 530 (Tenn. 1963) (superseded on other grounds by statute) (evidence of prior crime was admissible because it tended to establish defendant's motive and criminal intent); State v. Willis, 370 N.W.2d 193, 198 (S.D. 1958) (holding that the defense of consent begets the establishment of intent as a material issue and that the prosecution may use other crimes evidence to establish intent).

Jury Instructions, Criminal Instruction No. 644.100 ("The Commonwealth must prove beyond a reasonable doubt each of the following elements of [rape]: (1) That the defendant [had sexual intercourse with (name of person), who was not then the defendant's spouse; caused (name of person) to engage in sexual intercourse with another person]; and (2) That it was against her will and without her consent; and (3) That it was by force, threat or intimidation.") In this case, the evidence of Gonzales's prior bad acts was offered on the issue of whether Gonzales had the intent to commit the crime with force, threat or intimidation. In seeking to have the evidence admitted, the prosecutor stated:

> [T]his would show – the fact that he has done this not with just Ms. Parrish but with two other escorts that he went there with the intent of raping her. Under the guise of going there as, you know, sort of a business deal if you will, but he goes there really with the intent – that's how he gains access is by making this arrangement for an appointment – and goes there and immediately jumps upon these women and rapes them and *forces himself on them* – that that is his intent is to go there to rape these women, *to force himself* on them.

(Emphases added.) The Commonwealth did not offer the evidence to show that the victim did not consent. In Minor, the Supreme Court expressly limited its holding to the issue of whether the *victim* consented.[7] Minor explained that:

---

[7] "We conclude that the trial court abused its discretion in denying the defendant's motion to sever the charges because evidence of the other crimes was not relevant *to the only contested issue, whether each victim did or did not consent* to sexual intercourse." Minor, 267 Va. at 168, 591 S.E.2d at 63; "[W]e must determine whether evidence showing the defendant's rape of one victim was relevant *to prove that a different victim did not consent* to sexual intercourse. *The only contested issue . . . was whether the victims consented*." Id. at 172-73, 591 S.E.2d at 66; "*However a defendant's intent to commit the crime of rape is not the same issue as whether a victim consented to sexual intercourse. Those two issues are distinct and should not be blurred*." Id. at 173, 591 S.E.2d at 66; "*The issue of a victim's consent pertains to the element of rape requiring proof that sexual intercourse was against the victim's will, not to whether a defendant 'knowingly and intentionally committed' the acts constituting rape*." Id. at 174, 591 S.E.2d at 66 (quoting Clifton v. Commonwealth, 22 Va. App. 178, 184, 468 S.E.2d 155, 158 (1996)); "In our view, evidence showing that a defendant raped one or more individuals other than the victim in the crime charged is generally not relevant *to the question whether that victim did or did not consent* to sexual intercourse with the defendant." Id. at 175, 591 S.E.2d at 67.

- 13 -

> a defendant's intent to commit the crime of rape is not the same
> issue as whether a victim consented to sexual intercourse. Those
> two issues are *distinct* and should not be *blurred*.
>
> "Although proof of rape requires proof of intent, *the required
> intent is established upon proof that the accused knowingly and
> intentionally committed the acts constituting the elements of rape*.
> The elements of rape . . . consist of engaging in sexual intercourse
> with the victim, against her will, by *force, threat, or intimidation*."

Minor, 267 Va. at 173, 591 S.E.2d at 66 (quoting Clifton v. Commonwealth, 22 Va. App. 178,

184, 468 S.E.2d 155, 158 (1996)) (emphasis added).

The majority asserts that the only issue in Minor is the same issue in this case: "whether

the sexual acts were consensual or forced."[8] It then characterizes the Minor holding as saying,

"that testimony of prior victims of similar sexual crimes was inadmissible to show the intent of

the appellant toward the victim." However, that interpretation of Minor does exactly what the

Supreme Court in Minor warned against; it blurs the defendant's intent to use force, threat or

intimidation in committing the crime of rape with the issue of whether the victim consented.

In any case where intent is a genuinely controverted issue, evidence of other crimes is

admissible when it is relevant to prove a material fact or element of the offense, and not unduly

prejudicial. Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). In a

rape case, the prosecution must prove the act of intercourse took place "against the complaining

witness's will" and that it was accomplished by the use of "force, threat or intimidation." Code

---

(Emphases added). The Court goes on to quote numerous cases where the only issue is consent.
Id. at 175-76, 519 S.E.2d at 67 ("where the only issue was consent of the prosecutrix" . . . "that
another woman did not consent" . . . "one woman's lack of consent" . . . "in a prosecution for
rape where the only issue is consent" . . . "evidence of defendant's prior acts had no probative
value on the issue of the complainant's consent"). "[T]he issue of consent concerns a victim's
state of mind . . . ." Id. at 176, 519 S.E.2d at 68.

[8] Minor specifically recognized this point by distinguishing a Fourth Circuit Court of
Appeals opinion, United States v. Beahm, 664 F.2d 414 (4th Cir. 1981). Evidence of prior bad
acts was admissible not "to prove whether the victim consented," but to prove lascivious intent
where the issue of intent was contested. Minor, 267 Va. at 176, 591 S.E.2d at 68.

§ 18.2-61(A)(i).  In Minor, the only issue in dispute at trial was whether the sexual acts were consensual.  In contrast, in the case at bar, from before the time of his arrest, Gonzales's numerous statements regarding the act of intercourse and use of force were neither consistent nor clear.  Gonzales put his intent to use force, threat or intimidation at issue when he told the police and later testified that he went to the complainant's apartment for a massage with no plans for sexual contact, but that he eventually relented upon her suggestion to have intercourse.  Consequently, the Commonwealth was required to provide evidence on each element of the rape offense.[9]

Here, evidence that Gonzales previously raped women with the same acts of force, threat or intimidation is probative on the issue of whether he intended to use force, threat or intimidation in this case and is relevant evidence for the jury to consider in its determination.  See, e.g., Funk v. United States, 290 U.S. 371, 381 (1933) (quoted in Seaton v. Commonwealth, 42 Va. App. 739, 759, 595 S.E.2d 9, 19 (2004)) ("The fundamental basis upon which all rules of evidence must rest – if they are to rest upon reason – is their adaptation to the successful development of the truth.").

### B.  Evidence of Defendant's Intent to Use Force, Threat or Intimidation Is Probative of Issues in the Case at Bar

Evidence of prior crimes or bad acts cannot be used merely to show the accused's propensity to commit the crime charged.  Guill v. Commonwealth, 255 Va. 134, 139, 495 S.E.2d 489, 492 (1998) (citing Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805).  In this case, however,

---

[9] When the Commonwealth is required to prove a crime of multiple elements, lack of evidence on one element does not render evidence on another element inadmissible.  The chief question in virtually every case decided on the relevance of prior bad acts or crimes is whether the Commonwealth's proffered evidence tended to prove any relevant element of the offense charged.  See, e.g., Goins v. Commonwealth, 251 Va. 442, 462, 470 S.E.2d 114, 127 (1996); Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d 377, 380-81 (1988); Burley v. Commonwealth, 29 Va. App. 140, 144, 510 S.E.2d 265, 267 (1999).

the Commonwealth did not offer the evidence to assert "once a rapist, always a rapist." Instead, the prosecution used it to point out the strikingly similar uses of force, threat or intimidation in the earlier incidents and the one then before the court.

These factual similarities would make the evidence usable for purposes of showing identity, an issue not in contest here. But that does not preclude its use to show the defendant's intent to use force. See People v. James, 132 Cal. Rptr. 888, 891-92 (Cal. Ct. App. 1976) ("Appellant argues that common scheme relates to identity, which is not at issue in this case since appellant admits the acts charged and denies only the lack of consent of [the victim]. If this were the only reason for introducing evidence of common scheme, appellant would be correct that it is inadmissible where identity is not at issue. *Similarity of method may go to more than identity, however; it may also be used to show intent.*" (emphasis added)). As we have explained:

> Although the admissibility of evidence showing *modus operandi* has generally been viewed as a means of proving the identity of a crime's perpetrator . . . . We see no reason, however, to limit the admissibility of evidence showing *modus operandi* to the purpose of proving identity. When evidence of idiosyncratic similarities in an accused's mode of attack exists and constitutes a logical connection with the crime charged, such evidence may be admitted for the purpose of establishing, by inference, the accused's *intent*, motive, malice, premeditation, or the accused's feelings toward the victim, as well as the perpetrator's identity.

Shifflett v. Commonwealth, 29 Va. App. 521, 530-31, 513 S.E.2d 440, 444-45 (1999) (citations omitted) (emphasis added); see e.g., Morse v. Commonwealth, 17 Va. App. 627, 632, 440 S.E.2d 145, 148 (1994) ("[Defendant]'s prior sexual violence falls within the exception allowing evidence of prior bad acts to show the conduct and feeling of the accused toward the victim . . . ."). Under the proper analysis, we look at whether there is a rational relationship between the other crimes or bad acts evidence and the force, threat or intimidation that the defendant used here.

In each instance, the defendant chose as his victim an "escort" or prostitute. He would call for an appointment and, as soon as the woman arrived, use force just after the door closed. He slapped or hit each victim. He first got on top of the victims for vaginal penetration, later attempted anal intercourse, and accomplished oral sex by holding the back of the victims' heads. He demanded from each substantially similar sexual acts. Afterwards, the defendant would apologize. The trial court heard the details of the prosecutor's proffer, as well as the evidence as it was introduced, and found the similarities sufficient to rationally relate each incident into a parallel pattern of force, threat or intimidation. Nothing in Minor suggests the trial court erred in doing so. Minor specifically distinguishes the use of this type of evidence for the purpose of showing whether the victim consented from whether the "accused knowingly and intentionally committed . . . rape . . . by force, threat, or intimidation." Minor, 267 Va. at 173, 591 S.E.2d at 66 (citation omitted).

## II. THE CRIME OF RAPE

### A. The Elements of Rape

The common law defined rape as "the carnal knowledge of a woman forcibly and against her will." 4 William Blackstone, Commentaries on the Law of England *210 (1769); see generally Wayne R. LaFave, Criminal Law § 7.18, at 752-53 (3d ed. 2000). In Code § 18.2-61, the Virginia legislature codified force, threat or intimidation as an element of rape. In pertinent part, that code section reads: "A. If any person has sexual intercourse . . . against the complaining witness's will, by force, threat or intimidation of or against the complaining witness or another person, . . . he or she shall be guilty of rape." The rape statute requires not merely that the victim withhold consent, but that the accused coerce the victim's decision through the use of force, threat, or intimidation. See Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) ("Rape is defined as 'sexual intercourse with a female by force and against her

- 17 -

will.'" (quoting <u>Tuggle v. Commonwealth</u>, 228 Va. 493, 510, 323 S.E.2d 539, 549 (1984), <u>vacated and remanded on other grounds</u>, 471 U.S. 1096, <u>aff'd on remand</u>, 230 Va. 99, 334 S.E.2d 838 (1985), <u>cert.</u> <u>denied</u>, 478 U.S. 1010 (1986))); <u>Ragsdale v. Commonwealth</u>, 38 Va. App. 421, 428, 565 S.E.2d 331, 335 (2002) ("Code § 18.2-61 requires proof of (i) sexual intercourse, (ii) that it is accomplished against the complaining witness's will, (iii) by force, threat or intimidation . . . ."); <u>Sabol v. Commonwealth</u>, 37 Va. App. 9, 16, 553 S.E.2d 533, 537 (2001) ("In order to find appellant guilty of rape under Code § 18.2-61(A)(i), the evidence must support a finding that the sexual intercourse was accomplished against the victim's will 'by force, threat or intimidation.'"); <u>Carter v. Commonwealth</u>, 16 Va. App. 118, 128-29, 428 S.E.2d 34, 42 (1993) (holding that defendant could be punished for more than one count of rape where the acts constituted "'separate acts of force'" (quoting <u>People v. Harrison</u>, 768 P.2d 1078, 1088 (1989))). It has long been the law that the very physicality of the act of nonconsensual intercourse can, depending on the circumstances, permit a reasonable inference of force, threat or intimidation. As the majority states, in such cases, the "wrongful act itself" provides "all the force which the law demands as an element of the crime." <u>Bailey v. Commonwealth</u>, 82 Va. 107, 111 (1886); <u>see</u> <u>also</u> <u>Jones v. Commonwealth</u>, 219 Va. 983, 986, 252 S.E.2d 370, 372 (1979). In short, proof of non-consent may permit a reasonable inference of force, threat or intimidation. The absence of one implies the presence of the other. The reason the law allows that inference, though, is not because force/threat/intimidation is *not* an element of the crime, but because it is. If it were not relevant, we would not need to presume it — we could simply ignore it altogether.

### B.  Specific Intent Crimes vs. General Intent Crimes

By rejecting the trial court's reasoning, the majority implies that other crimes evidence is only admissible to show intent to commit a specific intent crime, not to prove a general intent

crime such as rape or forcible sodomy.  It has never been supposed in law that evidence of specific intent is inadmissible to prove a general intent crime.  No citation can be offered for that *non sequitur*.  Merely because rape is a general intent crime does not make specific intent evidence inadmissible.  1 Wayne R. LaFave, Substantive Criminal Law § 5.2(a), at 340-41 (2d ed. 2003), P. Lowe, J. Jeffries, Jr., R. Boone, Criminal Law: Cases and Materials 232 (1982); see also United States v. Hooton, 662 F.2d 628, 635 (9th Cir. 1981) ("Moreover, even in general intent crimes, the government can offer evidence of other acts as part of its case-in-chief when it is obvious that the defense will raise lack of intent as a defense." (citation omitted)).  "[T]he distinction between specific intent and general intent is of little help in deciding when intent is really an issue.  All crimes other than those imposing strict liability require a degree of culpability, either knowledge, intent, recklessness, or willfulness."  United States v. Adderly, 529 F.2d 1178, 1181 (5th Cir. 1976).

Virginia courts have never held that because rape is a general intent crime, specific intent evidence is inadmissible, and other courts have expressly rejected such a limitation.  See United States v. Hatfield, 815 F.2d 1068, 1072 (6th Cir. 1987); Hooton, 662 F.2d at 635; Adderly, 529 F.2d at 1180; State v. Synoracki, 853 P.2d 24, 32 (Kan. 1993); State v. Elliott, 535 S.E.2d 32 (N.C. 2000) (reversing State v. Elliott, 528 S.E.2d 32, 32 (2000), for the reasons given in the dissent).  In fact, Virginia law has employed an "inclusionary approach" to the uncharged misconduct doctrine, admitting such evidence "if relevant for any purpose *other than* to show a mere propensity or disposition on the part of the defendant to commit the crime."  Kent Sinclair, Joseph C. Kearfott, Paul F. Sheridan & Edward J. Imwinkelried, Virginia Evidentiary Foundations § 6.4[A], at 165 (1998) (emphasis in original).  Intent is an issue in this case and the classification of rape as a general intent crime does not make the prior bad acts evidence of Gonzales's intent to use force on the victim irrelevant or inadmissible.  Because Gonzales put his

intent to use force, threat or intimidation at issue, the Commonwealth could employ the evidence of his prior bad acts to show his intent to use force, threat or intimidation in raping the victim.

### III. HARMLESS ERROR

Even if the trial court erred in admitting the disputed evidence, the error is harmless. Code § 8.01-678 provides:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.

See generally Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (observing that essential question is whether "error substantially influenced the jury"). This test parallels the federal standard for non-constitutional error, which focuses on whether the error "had substantial and injurious effect or influence in determining the jury's verdict." United States v. Lane, 474 U.S. 438, 449 (1986) (citations omitted).

The admission of testimony concerning the two prior offenses did not have "substantial influence" on the verdict in this case. The evidence of Gonzales's guilt was so overwhelming, and the weight of the disputed testimony so slight in comparison, that the alleged error did not affect the jury's verdict. See McLean v. Commonwealth, 32 Va. App. 200, 211, 527 S.E.2d 443, 448 (2000). "The admissibility of evidence is with the court, but its weight is wholly with the jury." W. S. Forbes & Co. v. Southern Cotton Oil Co., 130 Va. 245, 258, 108 S.E. 15, 19 (1921).

This Court must review the evidence in the "light most favorable" to the Commonwealth, the prevailing party in the trial court. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). "On appeal this court must 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and *all fair inferences to be drawn therefrom*.'" Parks v. Commonwealth, 221

Va. 492, 498, 270 S.E.2d 755, 759 (1980) (citation omitted and emphasis in original). The victim offered a consistent account of the rape and sodomy that she claimed occurred, and that account was bolstered by Gonzales's numerous and compelling admissions that he raped and sodomized the victim. In a recorded exchange between Gonzales and the victim, which was introduced at trial, he expressed remorse, offered apologies, and requested the victim's forgiveness. During that exchange, he admitted at least four times that he raped the victim. He said that he had called a rape crisis hotline. When the victim asked Gonzales if raping her helped him in some way, he stated, "at that particular time it probably helped me. Yeah, it probably helped me to release my anger, I guess, emotionally." He admitted that he raped the victim as an "emotional outlet" because his girlfriend "was deceiving" him. He admitted to the victim, "I am sorry for raping you." A short time later, he again admitted to the victim, "I am very sorry for raping you." He said he "felt sorry" after he left her apartment, and had feared she "was going to call the police" over the incident. When the victim asked when Gonzales had decided to rape her, Gonzales said, "When did I decide? It was just, um, when I saw you, I guess." The victim also asked Gonzales if he raped her because of his lack of money or over his anger or because of her appearance. He replied: "I think it was probably. It was probably more a combination of all those things." When the victim asked, "why didn't you just, you know, ask me to sleep with you, rather than you know, slamming the door shut and hitting me and ripping off my panties?" Gonzales answered, "Why not? I had – it was very hard for me because I – I thought, well, you'd resist me." When the victim countered that she had, in fact, resisted him, Gonzales said, "Yeah, you did." Later, when interviewed by the police, Gonzales stated he slapped the victim because she didn't want to give him oral sex. At trial, when asked about his apologetic tone during the phone call, appellant stated that he "preferred" to apologize for raping her rather than "to send her the money" he still owed her.

Gonzales's numerous statements and admissions, as well as the consistency of the victim's account of the event, lead ineluctably to the conclusion that the verdict was not affected by the claimed error. When other evidence of the defendant's guilt is overwhelming, error may be deemed harmless. See Bond v. Commonwealth, 226 Va. 534, 539, 311 S.E.2d 769, 772 (1984). I would therefore affirm.

Tuesday                    10th

August, 2004.


Francis M. Gonzales, s/k/a
  Francis M. Gonzalez,                                                Appellant,

 against            Record No. 1351-03-4
                    Circuit Court Nos. CR01-1860 and CR01-1861

Commonwealth of Virginia,                                            Appellee.


Upon a Petition for Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner,
Frank, Humphreys, Clements, Felton, Kelsey and McClanahan


On July 26, 2004 came the appellee, by the Attorney General of Virginia, and filed a petition praying that the Court set aside the judgment rendered herein on July 13, 2004, and grant a rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered herein on July 13, 2004 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. The appellee shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter.  It is further ordered that the appellee shall file with the clerk of this Court twelve additional copies of the appendix previously filed in this case.


A Copy,

                    Teste:

                                    Cynthia L. McCoy, Clerk
                    By:

                                    Deputy Clerk

COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


FRANCIS M. GONZALES, S/K/A
 FRANCIS M. GONZALEZ
                                            MEMORANDUM OPINION* BY
v.       Record No. 1351-03-4          CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                    JULY 13, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Joanne F. Alper, Judge

Jason S. Rucker (Rucker & Rucker, on brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Francis M. Gonzales (appellant) appeals his conviction for rape in violation of Code

§ 18.2-61, and forcible sodomy in violation of Code § 18.2-67.1.  He contends the trial court erred

in admitting evidence of similar crimes proffered by the Commonwealth before trial to show

appellant's intent during the commission of the crimes charged.  We hold that the trial court erred in

admitting the evidence of prior crimes for this purpose and that such error was not harmless.  Thus

we reverse and remand.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence established that appellant made an appointment with Naomi Parrish (Parrish) in response to her advertisement as a dancer performing "fantasy shows, private dancing, bachelor parties." Parrish provided him with directions to her apartment. When appellant arrived at her apartment, Parrish took him to a bedroom where she told him the price for dancing was $150 for one-half hour, and $190 for an hour. She testified that sex was not discussed at this time. Appellant handed Parrish $80, which she said was unacceptable, and she handed appellant's money back to him. He slammed the bedroom door shut. Parrish told him to leave. He said no and blocked the door. Appellant said he wanted "this shit now," which Parrish testified had a "sexual implication like he wanted to have intercourse with [her]." She asked him not to harm her, and tried to talk him into letting her leave, to which he responded "hell no." Appellant pushed her onto the bed, pinned her down, and told her to take the money. She responded "I don't do that, I'm just a dancer." He then raped and sodomized her. Afterwards appellant apologized, said a girlfriend had left him and he had been abducted by his father.

Appellant later telephoned Parrish, and she provided his telephone number to police. Parrish and the police made a sting call to appellant during which he stated that he raped her as an "emotional outlet" after being "deceived" by his girlfriend and that he was very sorry. In a later phone call appellant asked her to forgive him and said that he had called a rape crisis hotline. When asked about his apologetic tone later, appellant stated that he was not apologizing for raping her, but because he still owed her $130. At trial, appellant denied that he raped her and testified they had consensual sex.

During a pretrial motion *in limine*, the Commonwealth moved to admit the testimony of two women who described similar crimes allegedly committed by appellant. At the hearing, the

prosecutor acknowledged that the evidence was not offered to show identity. Instead, the

Commonwealth stated:

> [COMMONWEALTH]: Your Honor, I'm seeking to have this evidence admitted to show the conduct of the Defendant towards the victim in this case, and I would . . .
>
> THE COURT: Is that intent?
>
> [COMMONWEALTH]: It is intent being that this – defense – it's my belief, will be based on these statements – that this is a consensual encounter meaning that she's . . .
>
> THE COURT: She contracts for this and she is volunteering for it.
>
> [COMMONWEALTH]: Absolutely – and that his would show – the fact that he has done this not with just Ms. Parrish but with two other escorts that he went there with the intent of raping her. Under the guise of going there as, you know, sort of a business deal if you will, but he goes there really with the intent – that's how he gains access is by making this arrangement for an appointment – and goes there and immediately jumps upon these women and rapes them and forces himself on them – that that is his intent is to go there to rape these women, to force himself on them.

The trial court allowed the evidence of the similar crimes. A jury convicted appellant of

sodomy and rape and sentenced him to a total of twenty years.

## II. ANALYSIS

On appeal, appellant contends the trial court erred in admitting evidence of similar crimes

to show his intent to rape Parrish, because his intent is not an element of the crime charged.

"The admissibility of evidence is within the broad discretion of the trial court, and a

ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v.

Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). However, "[b]y definition,

when the trial court makes an error of law, an abuse of discretion occurs." Bass v.

Commonwealth, 31 Va. App. 373, 382, 523 S.E.2d 534, 539 (2000).

Evidence that the accused committed other crimes is generally inadmissible to prove guilt of the crime for which the accused is on trial, even if the other crimes are of the same nature as the crime charged in the indictment.  See Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).  "The purpose of this rule is to prevent confusion of offenses, unfair surprise to the defendant and a suggestion of 'criminal propensity,' thus preserving the 'presumption of innocence.'"  Crump v. Commonwealth, 13 Va. App. 286, 289, 411 S.E.2d 238, 240 (1991) (quoting Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)).  However, this general rule "must sometimes yield to society's interest in the truth-finding process, and numerous exceptions allow evidence of prior misconduct whenever the legitimate probative value outweighs the incidental prejudice to the accused."  Dunbar v. Commonwealth, 29 Va. App. 387, 390, 512 S.E.2d 823, 825 (1999) (citing Wilkins v. Commonwealth, 18 Va. App. 293, 297, 443 S.E.2d 440, 443 (1994)).  Evidence of similar crimes may be admissible to show the intent, or identity of the accused where these are in issue.  See Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805.

This case is controlled by the recently decided case of Minor v. Commonwealth, 267 Va. 166, 591 S.E.2d 61 (2004).  On strikingly similar facts, the Supreme Court held that testimony of prior victims of similar sexual crimes was inadmissible to show the intent of the appellant toward the victim.  As in this case, the only issue in dispute at trial was whether the sexual acts were consensual or forced.  In addressing whether the evidence was admissible to show intent, the Court reasoned that "a defendant's intent to commit the crime of rape is not the same issue as whether a victim consented to sexual intercourse.  Those two issues are distinct and should not be blurred."  Id. at 173, 591 S.E.2d at 66.  Thus, the Court further held as follows:

> "Although proof of rape requires proof of intent, *the required intent is established upon proof that the accused knowingly and*

- 4 -

*intentionally committed the acts constituting the elements of rape.*
The elements of rape . . . consist of engaging in sexual intercourse
with the victim, against her will, by force, threat, or intimidation."

Id. at 173, 591 S.E.2d at 66 (quoting Clifton v. Commonwealth, 22 Va. App. 178, 184, 468

S.E.2d 155, 158 (1996)).  The Court in Minor thus recognized that the crime of rape does not

require proof that the defendant harbor a specific intent to have intercourse without the victim's

consent, only the general intent evidenced by the act of committing the offense itself.  The lack

of consent required for rape involves the victim's mental state, not the defendant's.  See id.  The

Court also noted that:

> [E]vidence showing that a defendant committed similar sexual
> offenses against an individual other than the victim in a particular
> case is, on occasion, admissible to prove certain contested matters,
> such as a defendant's identity or the attitude of a defendant toward
> a victim, provided the probative value of the evidence outweighs
> its prejudicial effect.  Indeed, if the evidence of other similar
> offenses had been offered as proof on a contested issue about the
> defendant's identity in these offenses, that evidence would likely
> have been admissible.

Id. at 174, 591 S.E.2d at 67 (internal citations and quotations omitted).

The Court thus held that the evidence of other crimes was inadmissible for either

purpose:

> In our view, evidence showing that a defendant raped one or more
> individuals other than the victim in the crime charged is generally
> not relevant to the question whether that victim did or did not
> consent to sexual intercourse with the defendant.  This is so
> because the fact that one woman was raped has no tendency to
> prove that another woman did not consent.

Id. at 175, 591 S.E.2d at 67 (internal citations and quotations omitted).

For the foregoing reasons, we hold that the evidence of prior crimes was inadmissible in

this case.  Evidence of other similar crimes is inadmissible to show intent when it is not an

element of the offense charged.

### III.  HARMLESS ERROR

The Commonwealth contends that even if the trial judge erred, such error was harmless.

We disagree.

The standard for non-constitutional error is established in Virginia's harmless error

statute, Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at
> trial that the parties have had a fair trial on the merits and
> substantial justice has been reached, no judgment shall be arrested
> or reversed . . . [f]or any . . . defect, imperfection, or omission in
> the record, or for any error committed on the trial.

Additionally,

> Code § 8.01-678 has been applied in both criminal and civil cases.
> In a criminal case, it is implicit that, in order to determine whether
> there has been a fair trial on the merits and whether substantial
> justice has been reached, a reviewing court must decide whether
> the alleged error substantially influenced the jury.  If it did not, the
> error is harmless.

Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (internal citations and

quotations omitted).  Our Supreme Court has applied the following standard adopted in

Kotteakos v. United States, 328 U.S. 750 (1946), to non-constitutional error:

> If, when all is said and done, the conviction is sure that the error
> did not influence the jury, or had but very slight effect, the verdict
> and the judgment should stand . . . .  But if one cannot say, with
> fair assurance, after pondering all that happened without stripping
> the erroneous action from the whole, that the judgment was not
> substantially swayed by the error, it is impossible to conclude that
> substantial rights were not affected . . . .  If so, or if one is left in
> grave doubt, the conviction cannot stand.

Id. at 764-65 (internal citations omitted).

Applying this standard and Code § 8.01-678, we cannot say on this record that the trial

court's admission of the testimony of similar crimes was harmless.  One of the witnesses, S.B.,

- 6 -

testified that she was a prostitute and appellant was a "regular customer" who on one occasion acted in a manner similar to that described at trial. She also testified that on other occasions he was "fine." The second witness, N.S., testified that she was also an escort who had arranged a meeting with appellant and was attacked in a manner similar to that alleged in this case. The testimony of the two women was highly prejudicial and encouraged the inference that because appellant committed similar crimes in the past, he likely committed the crimes charged in this case.

Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed.

McClanahan, J., dissenting.

I disagree with the majority's holding that this case is controlled by Commonwealth v. Minor, 267 Va. 166, 591 S.E.2d 61 (2004). Minor's holding was "based on the specific circumstances presented in [that] case." Id. at 176, 591 S.E.2d at 68. Moreover, in addition to believing that Minor should not control the disposition of this case, I believe that the conviction should be affirmed in any event because even if erroneous, the admission of the disputed evidence was harmless.

Key differences between this case and Minor convince me that the Supreme Court's reasoning in Minor has no application to the instant case. It is true that both Minor and Gonzales were charged with rape, and had been so accused by three different complainants. As in any case where rape is charged, the Commonwealth must establish 1) that the defendant had sexual intercourse with the victim; 2) that it was against her will and without her consent; and 3) that it was by force, threat or intimidation. Code § 18.2-61.

"Although proof of rape requires proof of intent, the required intent is established upon proof that the accused knowingly and intentionally committed the acts constituting the elements of rape." Minor, 267 Va. at 173, 591 S.E.2d at 66. Where intent is a genuinely controverted issue, the Supreme Court has held that evidence of other crimes is admissible when it is relevant to prove a material fact or element of the offense, and not unduly prejudicial. Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). The chief question in virtually every case decided in this area is whether the Commonwealth's proffered evidence tended to prove a genuinely contested fact that the jury would need to resolve in order to render a verdict.

Because the majority incorrectly characterizes the controverted issues in this case to be identical to those in Minor, it reaches a conclusion with which I cannot agree; namely, that the

<u>Minor</u> decision is dispositive.  In <u>Minor</u>, the only issue in dispute at trial was whether the sexual acts were consensual or forced.  The defendant never denied that he had sexual intercourse with the complainants.  He admitted from the time of his arrest that he and each of the complainants had sexual intercourse, but claimed that each of these complainants had provided her consent.  <u>Minor</u>, 267 Va. at 169, 591 S.E.2d at 63.  This defense theory was reiterated at a pretrial hearing on whether the cases in <u>Minor</u> should be tried separately, when defense counsel stated that the consent of the complainants was the only issue that was expected to be contested.  <u>Id.</u>  The jury in <u>Minor</u> was thus faced with only a single narrow question: whether the complainants in that case had consented to intercourse, a fact which Minor's other crimes would not tend to elucidate.  As the Court in that case held, "[e]vidence showing the defendant raped one or more individuals other than the victim in the crime charged is generally not relevant to the question whether that victim did or did not consent to sexual intercourse with the defendant."  <u>Id.</u> at 175, 591 S.E.2d at 67.

In contrast, Gonzales's admission of sexual intercourse was neither consistent nor clear.  In fact, even Gonzales's counsel seemed unsure what type of sexual activity his client engaged in with the victim, explaining during opening statements that "[t]hey had some sort of sexual activity."  From before the time of his arrest, Gonzales made numerous and often inconsistent statements, leaving the jury with many issues to resolve.  These issues included whether the event had occurred,[1] whether, assuming it occurred, it was against the complainant's consent,[2]

---

[1] When first interviewed by the police, Gonzales denied having had any sexual contact with the complainant, although he later stated that she performed oral sex on him after he slapped her.

[2] Gonzales stated to police that he went to the complainant's apartment for a massage with no plans for sexual contact, but that he eventually relented upon her suggestion to have intercourse.

and whether, if it were against the complainant's consent, it was done by force, threat, or intimidation.[3] Gonzales, both pretrial and in his opening statement, did not provide a defense theory narrowing the issues, offering only general denials without any crystallization of the controverted questions. Through Gonzales's recorded admissions of rape, inconsistent statements to police, and defense theory of vague denial, every element of the charged offense was at issue. See generally Satcher v. Commonwealth, 224 Va. 220, 230, 421 S.E.2d 821, 828 (1992).

The prime purpose of the rules permitting the introduction of certain evidence and prohibition of other evidence has been to enable trial courts and juries to ferret out the truth. "The fundamental basis upon which all rules of evidence must rest – if they are to rest upon reason – is their adaptation to the successful development of the truth." Funk v. United States, 290 U.S. 371, 381 (1933) (quoted in Seaton v. Commonwealth, 42 Va. App. 739, 758, 595 S.E.2d 9, 19 (2004)). Where the factual questions to be resolved are broad or far-ranging, as they were in this case, it is likely that more evidence will be relevant to resolving those questions.[4] Where the factual question to be resolved is only one, as it was in Minor, the genuinely relevant evidence will necessarily be more limited.

---

[3] Gonzales at one point stated that the only force that was used against the complainant was that he "tapped her cheek once" after she swung her arms at him.

[4] It is interesting to note that the trial court ultimately admitted the evidence on a theory that notably is not even advanced by the Commonwealth in this appeal: that the crimes were so distinctive that they were admissible as similar crimes, which under Virginia law are admissible to prove the perpetrator's identity. See, e.g., Turner v. Commonwealth, 259 Va. 645, 529 S.E.2d 787 (2000). The identification of Gonzales as the perpetrator, however, was never at issue. That the trial court's theory of admissibility is unsupported in this case may explain why the Commonwealth relied on it neither at trial nor in its brief, and why the majority opinion does not address it.

- 10 -

Regardless of the evidence's admissibility, however, the judgment of the trial court should be affirmed because even had an error not occurred, the verdict would have been the same. When other evidence of the defendant's guilt is overwhelming, error may be deemed harmless. Bond v. Commonwealth, 226 Va. 534, 539, 311 S.E.2d 769, 772 (1984). The inquiry is "whether the error itself had substantial influence [on the trial's outcome]. If so, or if one is left in grave doubt, the conviction cannot stand." United States v. Lane, 474 U.S. 438, 449 (1986); see Keen v. Commonwealth, 24 Va. App. 795, 485 S.E.2d 659 (1997); Shurbaji v. Commonwealth, 18 Va. App. 415, 444 S.E.2d 549 (1994).

The admission of testimony concerning the two prior offenses did not have "substantial influence" on the verdict in this case. The evidence of Gonzales's guilt was so overwhelming, and the weight of the disputed testimony so slight in comparison, that this Court can conclude that the alleged error did not affect the jury's verdict. McLean v. Commonwealth, 32 Va. App. 200, 211, 527 S.E.2d 443, 448 (2000).

The complainant offered a consistent account of the rape and sodomy that she claimed occurred, and that account was bolstered by Gonzales's numerous and compelling admissions during an interview with the police, and on direct examination at trial. In addition, a recorded exchange between Gonzales and the complainant was introduced at trial, wherein Gonzales expressed remorse, offered apologies, and requested the complainant's forgiveness. He said he had felt sorry after he left her apartment, and had feared she would call the police over the incident. When the complainant asked when Gonzales had decided to rape her, Gonzales said "When did I decide? It was just, um, when I saw you, I guess." The complainant also asked Gonzales if he raped her because of his lack of money or over his anger or because of her appearance. He replied: "I think it was probably. It was probably more a combination of all

- 11 -

those things." Gonzales told the complainant he had hit her because he thought she "would resist" him. When she countered that she had in fact resisted him, Gonzales agreed. Gonzales also told the complainant that he had called a rape crisis hotline, although he later testified at trial that that was not true.

In short, Gonzales's numerous statements and admissions, as well as the consistency of the complainant's account of the event, lead ineluctably to the conclusion that the verdict was not affected by the claimed error. Therefore, the question of whether the alleged error "substantially influenced the jury" must be answered in the negative. Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001); see Code § 8.01-678 (codifying the basis for affirmance when error is harmless). The verdict would have been the same had the alleged error in this case not occurred. I would therefore affirm.