COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Overton
Argued at Norfolk, Virginia


MARY HEATH CARLTON
                                              OPINION
v.        Record No. 0135-96-1    BY JUDGE JOSEPH E. BAKER
                                         DECEMBER 17, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                   Von L. Piersall, Jr., Judge

          Dianne G. Ringer, Senior Assistant Public
          Defender, for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Mary Heath Carlton (appellant) appeals from her bench trial

conviction by the Circuit Court of the City of Portsmouth (trial

court) for knowingly presenting an altered lottery ticket for

payment in violation of Code § 58.1-4017.  Appellant concedes

that the evidence was sufficient to prove she presented an

altered lottery ticket for payment.  Thus, the sole issue on

appeal is whether the evidence proved beyond a reasonable doubt

that, at the time she collected money for the ticket, appellant

knew the ticket had been altered.  For the reasons hereinafter

stated, we reverse the conviction.

     Upon familiar principles, we consider the evidence in the

light most favorable to the Commonwealth, granting to it all

reasonable inferences fairly deducible therefrom.  Higginbotham

v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

On May 11, 1995, at about 11:30 a.m., appellant redeemed a Bingo scratch-off lottery ticket for payment at a convenience store in Portsmouth.  The clerk on duty, Michael Jones (Jones), looked at the ticket, wrote "20" in the upper left corner and, in exchange for the ticket, gave appellant twenty dollars.[1]  Jones described appellant as "very excited" about her winnings but said her behavior was not unusual.  Jones identified appellant in court as the person who cashed the ticket and said he remembered her because she was the only person who redeemed a winning ticket at that time.  The ticket was admitted into evidence.

About thirty to sixty minutes after appellant left the store, Jones gave the ticket to Earl Tonnesen (Tonnesen), an investigator with the Virginia Lottery Department.  Tonnesen was qualified at trial as an expert regarding the altering of lottery tickets.  He testified that the code on the ticket which denoted the amount to be paid on the winning ticket had been altered, and that one of the numbers in the third game on the ticket had been changed to create a winning ticket.

In connection with his investigation, Tonnesen interviewed appellant on June 6, 1995; however, pursuant to appellant's objection, the trial court ruled that because appellant had not made a valid waiver of her Miranda rights, Tonnesen was not permitted to relate his conversation with appellant.

---

[1]Lottery regulations do not require that tickets paying less than fifty dollars be signed.

When the Commonwealth rested, appellant moved to strike the evidence, arguing that the Commonwealth had not proved beyond a reasonable doubt that she knew the lottery ticket was altered when she presented it for payment. The trial court overruled the motion. Appellant presented no evidence and renewed her motion to strike. The trial court again overruled the motion, holding that the fact finder could reasonably infer from appellant's "unexplained presentation" of the ticket that she knew it had been altered.

The Commonwealth compares passing an altered lottery ticket with presentation for payment of a bad check, draft, or order and argues that Fitzgerald v. Commonwealth, 227 Va. 171, 313 S.E.2d 394 (1984), permits the fact finder to presume under the facts before us that appellant knew the ticket had been altered. No such presumption is contained in Code § 58.1-4017, and we are not authorized to create one. The creation of such presumptions is within the realm of legislative authority, not judicial.

Presenting the lottery ticket for payment may be of itself an innocent transaction. To prove a violation of Code § 58.1-4017, the Commonwealth must establish beyond a reasonable doubt that the accused passed the ticket with the knowledge that it had been altered.[2] Here, even the store clerk who paid the

---

[2]Code § 58.1-4017 provides, in relevant part: "Any person who . . . knowingly presents for payment . . . [a] forged, altered or . . . counterfeit lottery ticket . . . is guilty of a Class 6 felony." (Emphasis added).

twenty dollars in exchange for the ticket did not observe that it had been altered.  Insofar as this record discloses, it required an expert regarding altering of lottery tickets to determine that the ticket in evidence was altered.

We compare the crime of knowingly presenting an altered lottery ticket for payment as established by Code § 58.1-4017 with the crime of uttering a counterfeit note, a counterfeit bill, or counterfeit money "knowing it to be so," as established by Code § 18.2-170.  The Supreme Court of Virginia has held that proof of knowledge is necessary to support a conviction for violation of the predecessor statute to Code § 18.2-170:

> The passing [of] a counterfeit note . . . may be itself a perfectly innocent transaction; the guilt consists in passing it, <u>knowing</u> it to be counterfeit.  If no other circumstances than those of the transaction itself are given in evidence, it would be impossible to ascertain whether it was passed with this <u>guilty knowledge</u>, or not. . . .

<u>Fitzgerald v. Commonwealth</u>, 219 Va. 266, 270, 246 S.E.2d 899, 902 (1978).  We adopt that statement as applicable to the case before us.

For the reasons stated, we hold that the Commonwealth failed to prove beyond a reasonable doubt that appellant passed the lottery ticket knowing it had been altered.  Accordingly, we reverse the judgment of the trial court and dismiss the indictment.

<u>Reversed and dismissed.</u>