McCLANAHAN, J.,
with whom KELSEY, J., joins, dissenting.
Commonwealth v. Minor, 267 Va. 166, 591 S.E.2d 61 (2004), held that other crimes evidence has no logical bearing on consent, a function of the rape victim’s state of mind. Minor did not hold — and it specifically disclaimed any intention to hold — that such evidence can never have any bearing on mens rea, a function of the rapist’s state of mind. By conflating the two, the majority has done just what Minor said could not be done. They have “blurred” two “distinct” concepts — the defendant’s intent and the victim’s consent. Id. at 173, 591 S.E.2d at 66. As a consequence, the evidentiary admissibility principles are likewise confused.
There being no per se bar to the use of other crimes evidence on the issue of intent, the question presented then becomes whether the trial judge abused her discretion in admitting the evidence under the unique facts of this case. I do not believe she did. The prosecutor offered the evidence to show the defendant’s intent to use force. The other crimes evidence showed a similar pattern of intent to use force. These factual similarities in the use of force take the proof of other crimes outside the maxim prohibiting its use as mere propensity evidence.
In any event, the great weight of the evidence before the jury renders harmless any ostensible error in admitting the other crimes evidence. The defendant admitted to raping the *387 victim. Though he tried to later claim otherwise, his admissions and the victim’s consistent description of the rape likely-left the jury with an irrepressible conviction of his guilt. Under the governing harmless error standard for non-constitutional error, the defendant’s conviction should not be overturned even if the trial court erred in admitting the contested other crimes evidence.
I. Minor Does Not Preclude Evidence of Prior Bad Acts or Crimes on the Issue of Defendant’s Intent to Use Force, Threat or Intimidation
A. The Victim’s Consent Is Not the Same Issue as the Defendant’s Intent to Use Force, Threat or Intimidation
An accused cannot “intend” consent or non-consent o'n the part of the victim, but he can intend to use force.[4] The majority cites no cases where evidence of intent to use force, threat or intimidation was inadmissible where that element of *388 the crime was at issue.[5] Indeed, most appellate courts allow it, notwithstanding its potential misuse for other purposes.[6]
*389 In Virginia, lack of consent and force/threat/intimidation are separate elements of rape. In any case where rape is charged, the Commonwealth must establish 1) that the defendant had sexual intercourse with the victim; 2) that it was against her will and without her consent; and 3) that it was by force, threat or intimidation. See Code § 18.2-61(A). See also Virginia Model Jury Instructions, Criminal Instruction No. 644.100 (“The Commonwealth must prove beyond a reasonable doubt each of the following elements of [rape]: (1) That the defendant [had sexual intercourse with (name of person), who was not then the defendant’s spouse; caused (name of person) to engage in sexual intercourse with another person]; and (2) That it was against her will and without her consent; and (3) That it was by force, threat or intimidation.”) In this case, the evidence of Gonzales’s prior bad acts was offered on the issue of whether Gonzales had the intent to commit the crime with force, threat or intimidation. In seeking to have the evidence admitted, the prosecutor stated:
[T]his would show — the fact that he has done this not with just Ms. Parrish but with two other escorts that he went there with the intent of raping her. Under the guise of going there as, you know, sort of a business deal if you will, but he goes there really with the intent — that’s how he gains access is by making this arrangement for an appointment — and goes there and immediately jumps upon these women and rapes them and forces himself on them — that that is his intent is to go there to rape these women, to force himself on them. *390 a defendant’s intent to commit the crime of rape is not the same issue as whether a victim consented to sexual intercourse. Those two issues are distinct and should not be blurred.
*389 (Emphases added.) The Commonwealth did not offer the evidence to show that the victim did not consent. In Minor, the Supreme Court expressly limited its holding to the issue of whether the victim consented.[7] Minor explained that:
*390 “Although proof of rape requires proof of intent, the required intent is established upon proof that the accused knowingly and intentionally committed the acts constituting the elements of rape. The elements of rape ... consist of engaging in sexual intercourse with the victim, against her will, by force, threat, or intimidation.”
Minor, 267 Va. at 173, 591 S.E.2d at 66 (quoting Clifton v. Commonwealth, 22 Va.App. 178, 184, 468 S.E.2d 155, 158 (1996)) (emphasis added).
The majority asserts that the only issue in Minor is the same issue in this case: “whether the sexual acts were consensual or forced.”[8] It then characterizes the Minor holding as *391 saying, “that testimony of prior victims of similar sexual crimes was inadmissible to show the intent of the appellant toward the victim.” However, that interpretation of Minor does exactly what the Supreme Court in Minor warned against; it blurs the defendant’s intent to use force, threat or intimidation in committing the crime of rape with the issue of whether the victim consented.
In any case where intent is a genuinely controverted issue, evidence of other crimes is admissible when it is relevant to prove a material fact or element of the offense, and not unduly prejudicial. Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). In a rape case, the prosecution must prove the act of intercourse took place “against the complaining witness’s will” and that it was accomplished by the use of “force, threat or intimidation.” Code § 18.2-61(A)(i). In Minor, the only issue in dispute at trial was whether the sexual acts were consensual. In contrast, in the case at bar, from before the time of his arrest, Gonzales’s numerous statements regarding the act of intercourse and use of force were neither consistent nor clear. Gonzales put his intent to use force, threat or intimidation at issue when he told the police and later testified that he went to the complainant’s apartment for a massage with no plans for sexual contact, but that he eventually relented upon her suggestion to have intercourse. Consequently, the Commonwealth was required to provide evidence on each element of the rape offense.[9]
*392 Here, evidence that Gonzales previously raped women with the same acts of force, threat or intimidation is probative on the issue of whether he intended to use force, threat or intimidation in this case and is relevant evidence for the jury to consider in its determination. See, e.g., Funk v. United States, 290 U.S. 371, 381, 54 S.Ct. 212, 215, 78 L.Ed. 369 (1933) (quoted in Seaton v. Commonwealth, 42 Va.App. 739, 759, 595 S.E.2d 9, 19 (2004)) (“The fundamental basis upon which all rules of evidence must rest — if they are to rest upon reason— is their adaptation to the successful development of the truth”).
B. Evidence of Defendant’s Intent to Use Force, Threat or Intimidation Is Probative of Issues in the Case at Bar
Evidence of prior crimes or bad acts cannot be used merely to show the accused’s propensity to commit the crime charged. Guill v. Commonwealth, 255 Va. 134, 139, 495 S.E.2d 489, 492 (1998) (citing Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805). In this case, however, the Commonwealth did not offer the evidence to assert “once a rapist, always a rapist.” Instead, the prosecution used it to point out the strikingly similar uses of force, threat or intimidation in the earlier incidents and the one then before the court.
These factual similarities would make the evidence usable for purposes of showing identity, an issue not in contest here. But that does not preclude its use to show the defendant’s intent to use force. See People v. James, 62 Cal.App.3d 399, 132 Cal.Rptr. 888, 891-92 (1976) (“Appellant argues that common scheme relates to identity, which is not at issue in this case since appellant admits the acts charged and denies only the lack of consent of [the victim]. If this were the only reason for introducing evidence of common scheme, appellant would be correct that it is inadmissible where identity is not at issue. Similarity of method may go to more than identity, however; it may also be used to show intent.” (emphasis added)). As we have explained:
Although the admissibility of evidence showing modus operandi has generally been viewed as a means of proving the *393 identity of a crime’s perpetrator.... We see no reason, however, to limit the admissibility of evidence showing modus operandi to the purpose of proving identity. When evidence of idiosyncratic similarities in an accused’s mode of attack exists and constitutes a logical connection with the crime charged, such evidence may be admitted for the purpose of establishing, by inference, the accused’s intent, motive, malice, premeditation, or the accused’s feelings toward the victim, as well as the perpetrator’s identity.
Shifflett v. Commonwealth, 29 Va.App. 521, 530-31, 513 S.E.2d 440, 444-45 (1999) (citations omitted) (emphasis added); see e.g., Morse v. Commonwealth, 17 Va.App. 627, 632, 440 S.E.2d 145, 148 (1994) (“[Defendant’s prior sexual violence falls within the exception allowing evidence of prior bad acts to show the conduct and feeling of the accused toward the victim____”). Under the proper analysis, we look at whether there is a rational relationship between the other crimes or bad acts evidence and the force, threat or intimidation that the defendant used here.
In each instance, the defendant chose as his victim an “escort” or prostitute. He would call for an appointment and, as soon as the woman arrived, use force just after the door closed. He slapped or hit each victim. He first got on top of the victims for vaginal penetration, later attempted anal intercourse, and accomplished oral sex by holding the back of the victims’ heads. He demanded from each substantially similar sexual acts. Afterwards, the defendant would apologize. The trial court heard the details of the prosecutor’s proffer, as well as the evidence as it was introduced, and found the similarities sufficient to rationally relate each incident into a parallel pattern of force, threat or intimidation. Nothing in Minor suggests the trial court erred in doing so. Minor specifically distinguishes the use of this type of evidence for the purpose of showing whether the victim consented from whether the “accused knowingly and intentionally committed ... rape ... by force, threat, or intimidation.” Minor, 267 Va. at 173, 591 S.E.2d at 66 (citation omitted).
*394 II. The Crime of Rape
A. The Elements of Rape
The common law defined rape as “the carnal knowledge of a woman forcibly and against her will.” 4 William Blackstone, Commentaries on the Law of England *210 (1769); see generally Wayne R. LaFave, Criminal Law 7.18, at 752-53 (3d ed.2000). In Code § 18.2-61, the Virginia legislature codified force, threat or intimidation as an element of rape. In pertinent part, that code section reads: “A. If any person has sexual intercourse ... against the complaining witness’s will, by force, threat or intimidation of or against the complaining witness or another person, ... he or she shall be guilty of rape.” The rape statute requires not merely that the victim withhold consent, but that the accused coerce the victim’s decision through the use of force, threat, or intimidation. See Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) (“Rape is defined as ‘sexual intercourse with a female by force and against her will.’ ” (quoting Tuggle v. Commonwealth, 228 Va. 493, 510, 323 S.E.2d 539, 549 (1984), vacated and remanded on other grounds, 471 U.S. 1096, 105 S.Ct. 2315, 85 L.Ed.2d 835, aff'd on remand, 230 Va. 99, 334 S.E.2d 838 (1985), cert. denied, 478 U.S. 1010, 106 S.Ct. 3309, 92 L.Ed.2d 722 (1986))); Ragsdale v. Commonwealth, 38 Va.App. 421, 428, 565 S.E.2d 331, 335 (2002) (“Code § 18.2-61 requires proof of (i) sexual intercourse, (ii) that it is accomplished against the complaining witness’s will, (iii) by force, threat or intimidation.... ”); Sabol v. Commonwealth, 37 Va.App. 9, 16, 553 S.E.2d 533, 537 (2001) (“In order to find appellant guilty of rape under Code § 18.2-61(A)(i), the evidence must support a finding that the sexual intercourse was accomplished against the victim’s will ‘by force, threat or intimidation.’ ”); Carter v. Commonwealth, 16 Va.App. 118, 128-29, 428 S.E.2d 34, 42 (1993) (holding that defendant could be punished for more than one count of rape where the acts constituted “ ‘separate acts of force’ ” (quoting People v. Harrison, 48 Cal.3d 321, 256 Cal.Rptr. 401, 768 P.2d 1078, 1088 (1989))). It has long been the law that the very physical *395 ity of the act of noneonsensual intercourse can, depending on the circumstances, permit a reasonable inference of force, threat or intimidation. As the majority states, in such cases, the “wrongful act itself’ provides “all the force which the law demands as an element of the crime.” Bailey v. Commonwealth, 82 Va. 107, 111 (1886); see also Jones v. Commonwealth, 219 Va. 983, 986, 252 S.E.2d 370, 372 (1979). In short, proof of non-consent may permit a reasonable inference of force, threat or intimidation. The absence of one implies the presence of the other. The reason the law allows that inference, though, is not because force/threat/intimidation is not an element of the crime, but because it is. If it were not relevant, we would not need to presume it — we could simply ignore it altogether.
B. Specific Intent Crimes vs. General Intent Crimes
By rejecting the trial court’s reasoning, the majority implies that other crimes evidence is only admissible to show intent to commit a specific intent crime, not to prove a general intent crime such as rape or forcible sodomy. It has never been supposed in law that evidence of specific intent is inadmissible to prove a general intent crime. No citation can be offered for that non sequitur. Merely because rape is a general intent crime does not make specific intent evidence inadmissible. 1 Wayne R. LaFave, Substantive Criminal Law § 5.2(a), at 340-41 (2d ed.2003), P. Lowe, J. Jeffries, Jr., R. Boone, Criminal Law: Cases and Materials 232 (1982); see also United States v. Hooton, 662 F.2d 628, 635 (9th Cir.1981) (“Moreover, even in general intent crimes, the government can offer evidence of other acts as part of its case-in-chief when it is obvious that the defense will raise lack of intent as a defense.” (citation omitted)). “[T]he distinction between specific intent and general intent is of little help in deciding when intent is really an issue. All crimes other than those imposing strict liability require a degree of culpability, either knowledge, intent, recklessness, or willfulness.” United States v. Adderly, 529 F.2d 1178, 1181 (5th Cir.1976).
*396 Virginia courts have never held that because rape is a general intent crime, specific intent evidence is inadmissible, and other courts have expressly rejected such a limitation. See United States v. Hatfield, 815 F.2d 1068, 1072 (6th Cir. 1987); Hooton, 662 F.2d at 635; Adderly, 529 F.2d at 1180; State v. Synoracki, 253 Kan. 59, 853 P.2d 24, 32 (1993); State v. Elliott, 352 N.C. 663, 535 S.E.2d 32 (2000) (reversing State v. Elliott, 137 N.C.App. 282, 528 S.E.2d 32, 32 (2000), for the reasons given in the dissent). In fact, Virginia law has employed an “inclusionary approach” to the uncharged misconduct doctrine, admitting such evidence “if relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime.” Kent Sinclair, Joseph C. Kearfott, Paul F. Sheridan & Edward J. Imwinkelried, Virginia Evidentiary Foundations § 6.4[A], at 165 (1998) (emphasis in original). Intent is an issue in this case and the classification of rape as a general intent crime does not make the prior bad acts evidence of Gonzales’s intent to use force on the victim irrelevant or inadmissible. Because Gonzales put his intent to use force, threat or intimidation at issue, the Commonwealth could employ the evidence of his prior bad acts to show his intent to use force, threat or intimidation in raping the victim.
III. Harmless Error
Even if the trial court erred in admitting the disputed evidence, the error is harmless. Code § 8.01-678 provides:
When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed ... [f]or any ... defect, imperfection, or omission in the record, or for any error committed on the trial.
See generally Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (observing that essential question is whether “error substantially influenced the jury”). This test parallels the federal standard for non-constitutional error, which focuses on whether the error “had substantial and *397 injurious effect or influence in determining the jury’s verdict.” United States v. Lane, 474 U.S. 438, 449, 106 S.Ct. 725, 732, 88 L.Ed.2d 814 (1986) (citations omitted).
The admission of testimony concerning the two prior offenses did not have “substantial influence” on the verdict in this case. The evidence of Gonzales’s guilt was so overwhelming, and the weight of the disputed testimony so slight in comparison, that the alleged error did not affect the jury’s verdict. See McLean v. Commonwealth, 32 Va.App. 200, 211, 527 S.E.2d 443, 448 (2000). “The admissibility of evidence is with the court, but its weight is wholly with the jury.” W.S. Forbes & Co. v. Southern Cotton Oil Co., 130 Va. 245, 258, 108 S.E. 15, 19 (1921).
This Court must review the evidence in the “light most favorable” to the Commonwealth, the prevailing party in the trial court. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). “On appeal this court must ‘discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.’ ” Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (citation omitted and emphasis in original). The victim offered a consistent account of the rape and sodomy that she claimed occurred, and that account was bolstered by Gonzales’s numerous and compelling admissions that he raped and sodomized the victim. In a recorded exchange between Gonzales and the victim, which was introduced at trial, he expressed remorse, offered apologies, and requested the victim’s forgiveness. During that exchange, he admitted at least four times that he raped the victim. He said that he had called a rape crisis hotline. When the victim asked Gonzales if raping her helped him in some way, he stated, “at that particular time it probably helped me. Yeah, it probably helped me to release my anger, I guess, emotionally.” He admitted that he raped the victim as an “emotional outlet” because his girlfriend “was deceiving” him. He admitted to the victim, “I am sorry for raping you.” A short time later, he again admitted to the victim, “I am very sorry for *398 raping you.” He said he “felt sorry” after he left her apartment, and had feared she “was going to call the police” over the incident. When the victim asked when Gonzales had decided to rape her, Gonzales said, ‘When did I decide? It was just, um, when I saw you, I guess.” The victim also asked Gonzales if he raped her because of his lack of money or over his anger or because of her appearance. He replied: “I think it was probably. It was probably more a combination of all those things.” When the victim asked, “why didn’t you just, you know, ask me to sleep with you, rather than you know, slamming the door shut and hitting me and ripping off my panties?” Gonzales answered, “Why not? I had — it was very hard for me because I — I thought, well, you’d resist me.” When the victim countered that she had, in fact, resisted him, Gonzales said, “Yeah, you did.” Later, when interviewed by the police, Gonzales stated he slapped the victim because she didn’t want to give him oral sex. At trial, when asked about his apologetic tone during the phone call, appellant stated that he “preferred” to apologize for raping her rather than “to send her the money” he still owed her.
Gonzales’s numerous statements and admissions, as well as the consistency of the victim’s account of the event, lead ineluctably to the conclusion that the verdict was not affected by the claimed error. When other evidence of the defendant’s guilt is overwhelming, error may be deemed harmless. See Bond v. Commonwealth, 226 Va. 534, 539, 311 S.E.2d 769, 772 (1984). I would therefore affirm.

. A Supreme Court of Pennsylvania case is particularly instructive on this point. In Commonwealth v. Berkowitz, 537 Pa. 143, 641 A.2d 1161, 1164-65 (1994), a conviction^ of rape was reversed because there was insufficient evidence of “forcible compulsion.” The Court held the complainant’s repeated statement of “no” during sexual intercourse with the accused was "only relevant to the issue of consent," but "not relevant to the issue of force.” Id. at 1164. Though her non-consent to the encounter was strongly supported by the evidence, a conviction for rape could not be sustained where "the weight of his body on top of her was the only force applied.” Id. Such "force” alone was deemed insufficient to establish the requisite amount of force for that element of rape. However, there was enough evidence to support a conviction for indecent assault, which required proof of non-consent but not proof of force. Id. at 1165-66. That case illustrates that consent and force are two distinct elements of the crime of rape. Intercourse can be accomplished by force, but not be considered rape if there was consent. Likewise, intercourse can be accomplished without consent but will not be rape, if force is absent, i.e., the accused may be guilty of a lower grade sexual offense. The Pennsylvania court stated that the legislature’s choice to include a force element in the definition of rape must be interpreted to mean that the crime requires something more than a lack of consent. Id. at 1164-65. (Pennsylvania has adopted the Model Penal Code, whereas Virginia has not. However, the legal inquiry into the crime of rape remains substantially similar in both jurisdictions.)

. "Frequently, evidence that is inadmissible under a general rule of evidence is admissible under an exception to the general rule or under another rule.” Satterfield v. Commonwealth, 14 Va.App. 630, 635, 420 S.E.2d 228, 231 (1992) (citation omitted). Thus, because evidence is not admissible for one purpose does not mean that it is not relevant or admissible for some other purpose. Rosenberg v. Mason, 157 Va. 215, 236, 160 S.E. 190, 197 (1931). "It is a time-honored principle of evidence law that, in general, if evidence is admissible for any purpose, it is admissible----Absent extreme prejudice, a party should not be precluded from offering probative evidence on a material issue merely because the evidence would be inadmissible if offered for some other purpose.” Hanson v. Commonwealth, 14 Va.App. 173, 183, 416 S.E.2d 14, 20 (1992) (citation omitted). See also United States v. Abel, 469 U.S. 45, 56, 105 S.Ct. 465, 471, 83 L.Ed.2d 450 (1984) ("CTjhere is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case.”).

. Most courts permit evidence of prior bad acts or crimes where that evidence rationally demonstrates the defendant’s subjective intent. See, e.g., Primm v. State, 473 So.2d 1149, 1156 (Ala.Crim.App.1985) ("[Sjince the appellant admitted the act of intercourse, but denied that it was without consent, the material issue is whether or not the intercourse was voluntary or by force. The evidence of the attacks was properly introduced to show the appellant’s intent and to rebut his contention that the act was with the prosecutrix’s consent.”); Payne v. State, 233 Ga. 294, 210 S.E.2d 775, 787 (1974) (evidence of prior rapes admissible for the "purpose of showing motive, plan, scheme, bent of mind, and course of conduct”); Mosley v. State, 211 Ga. 611, 87 S.E.2d 314, 316 (1955) (evidence of a prior rape admissible because it tended to illustrate the defendant’s state of mind); State v. Morgan, 207 Kan. 581, 485 P.2d 1371, 1372 (1971) (testimony of two women claiming to have been forcibly raped by defendant under “somewhat similar circumstances” was admissible to show intent and plan); State v. Gardner, 59 Ohio St.2d 14, 391 N.E.2d 337, 342 (1979) (holding that because the defendant contended that he did not intend to commit forcible rape, but instead intended to participate in consensual sexual intercourse, the element of intent was a material fact in issue); State v. Williams, 205 Neb. 56, 287 N.W.2d 18, 24 (1979) (evidence that the accused raped another woman and raped and murdered a third woman was held admissible to prove, inter alia, the accused's motive and intent); Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523, 530 (1963) (superseded on other grounds by statute) (evidence of prior crime was admissible because it tended to establish defendant’s motive and criminal intent); State v. Willis, 370 N.W.2d 193, 198 (S.D.1985) (holding that the defense of consent begets the establishment of intent as a material issue *389 and that the prosecution may use other crimes evidence to establish intent).

. “We conclude that the trial court abused its discretion in denying the defendant’s motion to sever the charges because evidence of the other crimes was not relevant to the only contested issue, whether each victim *390 did. or did not consent to sexual intercourse.” Minor, 267 Va. at 168, 591 S.E.2d at 63; "[W]e must determine whether evidence showing the defendant’s rape of one victim was relevant to prove that a different victim did not consent to sexual intercourse. The only contested issue ... was whether the victims consented.” Id. at 172-73, 591 S.E.2d at 66; ‘‘However a defendant's intent to commit the crime of rape is not the ■same issue as whether a victim consented to sexual intercourse. Those two issues are distinct and should not be blurred.” Id. at 173, 591 S.E.2d at 66; "The issue of a victim’s consent pertains to the-element of rape requiring proof that sexual intercourse was against the victim’s will, not to whether a defendant ‘knowingly and intentionally committed’ the acts constituting rape.” Id. at 174, 591 S.E.2d at 66 (quoting Clifton v. Commonwealth, 22 Va.App. 178, 184, 468 S.E.2d 155, 158 (1996)); “In our view, evidence showing that a defendant raped one or more individuals other than the victim in the crime charged is generally not relevant to the question whether that victim did or did not consent to sexual intercourse with the defendant.” Id. at 175, 591 S.E.2d at 67. (Emphases added). The Court goes on to quote numerous cases where the only issue is consent. Id. at 175-76, 591 S.E.2d at 67 ("where the only issue was consent of the prosecutrix” ... "that another woman did not consent” ... “one woman’s lack of consent” ... "in a prosecution for rape where the only issue is consent” ... "evidence of defendant’s prior acts had no probative value on the issue of the complainant’s consent”). "¡T]he issue of consent concerns a victim's state of mind----” Id. at 176, 591 S.E.2d at 68.

. Minor specifically recognized this point by distinguishing a Fourth Circuit Court of Appeals opinion, United States v. Beahm, 664 F.2d 414 *391 (4th Cir.1981). Evidence of prior bad acts was admissible not "to prove whether the victim consented,” but to prove lascivious intent where the issue of intent was contested. Minor, 267 Va. at 176, 591 S.E.2d at 68.

. When the Commonwealth is required to prove a crime of multiple elements, lack of evidence on one element does not render evidence on another element inadmissible. The chief question in virtually every case decided on the relevance of prior bad acts or crimes is whether the Commonwealth’s proffered evidence tended to prove any relevant element of the offense charged. See, e.g., Goins v. Commonwealth, 251 Va. 442, 462, 470 S.E.2d 114, 127 (1996); Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d 377, 380-81 (1988); Burley v. Commonwealth, 29 Va.App. 140, 144, 510 S.E.2d 265, 267 (1999).