COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Felton
Argued at Chesapeake, Virginia


VASSAR L. COKLEY, JR., S/K/A
 VASSAR LEON COKLEY, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0750-05-1                      JUDGE WALTER S. FELTON, JR.
                                                         MARCH 28, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Christopher W. Hutton, Judge

            Charles E. Haden for appellant.

            Kathleen B. Martin, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


       Vassar Leon Cokley, Jr. ("appellant") was convicted of possession of cocaine with intent

to distribute in violation of Code § 18.2-248 and was sentenced to five years imprisonment, all of

which was suspended.[1]  On appeal, appellant argues that the trial court erred in denying his

motion to strike the charge when the evidence was insufficient to sustain the conviction.  Finding

no error, we affirm.

                                       BACKGROUND

       As the parties are familiar with the record below, we recite only those facts necessary to

the resolution of this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was convicted in the same trial of possession of ecstasy, possession of a
firearm while simultaneously possessing cocaine with intent to distribute, carrying a concealed
weapon, underage possession of a firearm, possession of marijuana, and escaping the custody of
a police officer.  Those convictions are not before us in this appeal.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on the evening of December 14, 2001, appellant was riding as a passenger in a vehicle which was the subject of a traffic stop. During the encounter, an officer discovered an automatic pistol in appellant's lap underneath a sweatshirt. When the officer attempted to handcuff appellant, a "struggle ensued and [appellant] broke free and ran." He was caught by another officer moments later, and searched incident to his arrest. During the search, the officer found two bags of crack cocaine weighing 7.07 grams and two cell phones.

The arresting officer, an expert in narcotics trafficking and interdiction, testified that the amount of cocaine recovered from appellant, some seven grams having a street value of approximately $700, was inconsistent with personal use, that the cocaine rocks were "unsmokeable" in the form recovered, and were "more indicative of someone who would be distributing it by breaking down the rocks either with a razor or pinching off a piece of it."

Appellant testified that he was a drug user, not a drug dealer, and that he had stolen the cocaine from a drug dealer because he "wanted to get high." He also stated that the firearm was not his and that the driver of the car put it on his lap while he was "asleep" from an ecstasy pill he had taken earlier.

The trial court denied appellant's motion to strike the evidence and convicted him as charged. This appeal followed.

ANALYSIS

Appellant argues that the Commonwealth failed to prove that he intended to distribute the cocaine recovered from him by the officer. He correctly stated that at the time of his arrest that

he carried no cash, scales, packaging materials, or cutting implements, items typically considered as indicia of intent to distribute cocaine. However, as we have previously noted:

> Circumstantial proof of a defendant's intent [to distribute] includes the quantity of the drugs discovered, the packaging of the drugs, and the presence or absence of drug paraphernalia. Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use.

Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000) (citations omitted), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001).

The record before us contains credible evidence, including expert testimony, from which the trial court could reasonably conclude that appellant intended to distribute the cocaine he possessed. The expert testified that the amount of cocaine recovered from appellant, some seven grams with a street value of approximately $700, and "unsmokeable" in the form recovered, was inconsistent with personal use. No paraphernalia typically associated with personal drug use was recovered from appellant. In addition, appellant possessed a firearm and two cellular phones, which the expert testified were considered "tool[s] of the trade in narcotics." See Thomas v. Commonwealth, 44 Va. App. 741, 755, 607 S.E.2d 738, 744 (2005) (noting "the commonsense relationship between the distribution of controlled substances . . . and the possession and use of dangerous weapons" (citations omitted)). The trial court rejected appellant's contention that he had stolen the cocaine from a drug dealer and that the driver of the car had placed the gun in his lap while he was asleep, specifically noting that "I just don't believe large portions of [appellant's] explanation of the positioning of the gun as well as how he obtained the cocaine. I watched him closely on the stand and I viewed his testimony in light of all the evidence in this case."

The trial court was "entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused [was] lying to conceal his guilt." Marable v. Commonwealth, 27

Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citation omitted).  As fact finder, the trial

court observed the demeanor of the witnesses, assessed their credibility, and determined the

weight to be given to the evidence.  Clifton v. Commonwealth, 22 Va. App. 178, 182, 468 S.E.2d

155, 157 (1996).

## CONCLUSION

We conclude that the trial court did not err in denying appellant's motion to strike the

evidence and in finding him guilty of possession of cocaine with intent to distribute.

Accordingly, appellant's conviction is affirmed.

Affirmed.